Kendrick *vs.* Ravens.

allowed said defendant to testify as to the contents of said notice, and plaintiffs excepted.

The jury returned a verdict for the defendant. The plaintiffs assign error upon the aforesaid ground of exception.

C. T. GOODE, for plaintiffs in error.

W. A. HAWKINS, for defendant.

---

A. H. KENDRICK, administrator, plaintiff in error, *vs.* ELIZABETH RAVENS, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. On the trial of an issue, on the return of commissioners to assign dower, the applicant for dower is the movant, and has the right to open and conclude.

2. There was in this case no sufficient evidence to justify the verdict, and the Judge erred in not setting it aside.

Argument. Dower. New trial. Before Judge CLARK. Sumter Superior Court. October Term, 1872.

Elizabeth Ravens, widow of James Ravens, deceased, petitioned for dower in the lands of her husband. Commissioners were appointed, a return made, and a traverse entered by A. H. Kendrick, administrator *de bonis non, cum testamento annexo,* upon the estate of said James Ravens.

The following evidence was introduced upon the trial of the issue thus formed.

Elam Johnson, for petitioner, sworn: Knew the deceased in his life, and the lands of which he was possessed at the time of his death, consisting of about nine hundred acres; the applicant was his widow; witness married one of the daughters of the deceased.

Benton M. Wheeler, for the defense, sworn: Was a witness to the paper exhibited, and saw the applicant sign the same, at the house of A. F. McPherson, in the morning of the day on which it purports to have been signed; does not think there was any money passed; there was a $4,000 00 paper passed; it was during the war; Johnson, Mrs. Ravens, and the other witness to the paper, were present.

The defense then introduced the following instrument, and closed:

"STATE OF GEORGIA—COUNTY OF SUMTER.

"April the 12th, 1865.

"This indenture, made this twelfth day of April, eighteen hundred and sixty-five, between Elizabeth Ravens, of the county of Schley, of the one part, and Alfred F. McPherson, and D. S. Ravens, executors of the last will of James H. Ravens, deceased, and agents of the heirs-at-law and legatees of the said James; witnesseth, that in consideration of the sum of $6,491 00 to her in hand paid, as well as in consideration of a final settlement and compromise of certain disputes and controversies between the said Elizabeth, and the said executors in relation to their claims against her, and her's

against them, and for the adjustment of the family dispute, the said Elizabeth hath granted, sold, quit claimed and released, and by these presents doth grant, sell, quit claim and release all and singular her claims and liens upon the estate of the said James Ravens, for twelve months' support, and widow's equity, and provision of furniture, etc., and also all claims and rights of dower in the lands of which the said James died seized, and all and singular any other claim or claims she may have against said estate, of every kind, except only the personal and specific legacy bequeathed her by the will of the said James, and which she hereby acknowledges to have received, and she doth hereby convey and release to the said executors for the use and benefit of the heirs-at-law other than herself, all and singular her said claims, liens and rights of dower, and twelve months' support, and widow's provision.

"In witness of which the said Elizabeth hath hereto set her hand and seal, the day and year above written.

[Signed]    "ELIZABETH RAVENS.

"Signed, sealed and delivered in presence of

"E. L. WHITTLE.

"BENTON M. WHEELER, Clerk I. C."

The petitioner then introduced the following evidence in rebuttal:

Elam Johnson, reintroduced, sworn: Did not see any money passed; thinks $2,400 00 was paid in a paper which was considered good; does not remember what the paper was; the balance was paid in a due bill because the money was in bank; it was Confederate money; witness went after petitioner; did not tell her it was better for her to come; did not tell her that Colonel Hawkins said it was a poor case, and she could not get anything; does not remember whether the application for dower was pending at the time; witness was anxious to settle the matter before his return to the army, and hence his agency in the matter; does not remember that the applicant expressed a desire to see Colonel Hawkins; there

was no controversy but the dower and year's allowance; she was Mrs. Saunders before she married Mr. Ravens; does not know whether the $2,400 00 was in papers or a lawyer's receipt; the applicant is an old lady; Colonel Hawkins, at the sale of the land, announced that there was a suit for dower pending; does not know whether McPherson ever paid the note or not; it was to be paid in currency which we all took; applicant knew that the money was in town.

A. H. Kendrick, sworn: Witness is the administrator *de bonis non* upon the estate of James Ravens, deceased; knows nothing about the contract in evidence; never paid anything for the dower; applicant has never asked witness to pay her any money.

W. A. Hawkins, sworn: The $4,000 00 note and receipt on Wallace & Holsey were put in witness' hands by the applicant, and not one dollar has ever been paid on them; when witness filed the application for dower, he advised applicant to go on with it. The papers were turned over to witness to be surrendered. The note for which the lawyer's receipt was given for $2,400 00, belonged to her before marriage; nothing was ever collected on them.

The jury returned a verdict in favor of the applicant for dower. The defendant moved for a new trial, upon the following, amongst other grounds, to-wit:

1st. Because the Court erred in refusing to allow the counsel for defendant to open and conclude said cause, they stating that they relied only upon a release made by the applicant, and would assume the burden of proof.

2d. Because the verdict was contrary to the evidence.

The motion was overruled and the defendant excepted upon each of the aforesaid grounds.

C. T. Goode; N. A. Smith, for plaintiff in error.

W. A. Hawkins, for defendant.

McCay, Judge.

1. The applicant for dower is the movant. It is not sufficient to change the relation of the parties, that the *issues* in the course of the pleadings take such a shape as that the burden of showing the movant has no right falls on the other party. A defendant might, in this way, always get the conclusion by admitting the plaintiff's right and undertaking to show it had been discharged or waived. But it has never been so considered. The plaintiff, the party who moves in the cause, has, except in the case of a rule to show cause, the opening and conclusion.

2. Under the facts set forth in this record, we think there is absolutely no *evidence* of any fraud in this transaction. Here is an express waiver, under seal, of the dower, by the widow to the heirs-at-law, for a consideration expressed, and the proof shows the consideration to have passed, to-wit: a note for $4,000 00 on some third person, and a due bill for the balance. There is no proof of any imposition, any deceit, false representation, mistake, or other fraud. It is not shown that the due bill was not paid, and it is not shown that the note on ........., represented by Wallace & Holsey's receipt, was not, at the time, thought by all parties good; it is not even shown that it was not then *really* good. It is not shown what the dower was worth, that the price paid was inadequate, or, indeed, any fact, but that the note for $4,000 00 has never yet been collected. There is even no proof that it is not a solvent note to-day. The fact that not a dollar has been paid on it, as stated by Mr. Hawkins, does not prove that it is not now a good debt. We do not say what the truth is, but we do say that a solemn paper, under seal, signed in the presence of witnesses, is not to be set aside without some proof. We suspect that the date of the transaction, April 12th, 1865, has, in the hands of skillful counsel, been used to mislead the jury. But the 12th of April, 1865, was not too late for a legal trade, even in Confederate money. This Court, Judge Lumpkin delivering the opinion, in 1866, sustained a contract made in

Atlanta on the 1st of May, 1865. The surrender of General Johnson did not take place till the 18th or 19th of April, and the people in this State did not get the information until some days after that.

If Mrs. Ravens was imposed upon—if McPherson, or any others of those in interest deceived her and got her dower by imposition, she ought not to be bound by her deed. But fraud is not to be presumed. A solemn deed is not to be set aside, simply because the maker of it is a woman and the consideration she got for making it has turned out differently from what she and those to whom the dower was surrendered supposed. Titles to property—solemn deeds—are not so to be got rid of. No man is safe in what he has if testimony like this is to upset deeds.

We think there ought to be a new trial. The verdict is without evidence to support it, and we are obliged to think the jury acted under some strange mistake of law or fact.

Judgment reversed.